COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-413-CR

RICHARD MICHAEL MANGELLI APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

In two issues, Appellant Richard Michael Mangelli appeals the circumstances of his guilty plea to a two-count indictment.  We affirm.

II. Background

On the day of the offense, Mangelli, carrying a shotgun, a pistol, and ammunition, burst through the front door of the house where his two children lived with their mother Michelle Davis.  Davis confronted Mangelli, took the shotgun from him, and pushed him out the front door.  Mangelli re-entered the house carrying the pistol and struggled with Davis.  During the struggle Mangelli shot Davis in the arm.  Davis then fled and Mangelli shot her again, this time in the back.

Mangelli then attempted to load his two children into his minivan, but was confronted by the children’s half-brother, who told him to leave.  Mangelli left the scene in his minivan without his children.  As Mangelli was leaving, the police arrived and attempted to stop him.  Mangelli refused to stop, but eventually was halted in a parking lot.  Mangelli was arrested and taken to the hospital.

Trial counsel filed a notice of intent to present insanity as a defense, and the State filed a motion for a competency examination.  Mangelli was evaluated by a trained professional, Dr. Martin, and found competent to stand trial by the trial court.

Mangelli pleaded guilty to the charges and elected to have a jury to determine punishment.  During the hearing on the guilty plea, counsel informed the court that a psychiatrist had prescribed Mangelli medication, but Mangelli had not been receiving his medication while incarcerated.  When the court asked if this was a problem, Mangelli’s trial counsel responded, 

[N]ot that I can tell.  I’ve been able to communicate with Mr. Mangelli.  I think he has a rational as well as factual understanding of the nature of the charges against him.  I think he understands those charges.  He understands the fact situation.  I think he knowingly and intelligently and voluntarily enters a plea of guilty on this case.

Mangelli also told the trial court that he had been able to understand his attorney’s advice, and he then entered his plea of guilty.

The jury assessed punishment at thirty years’ confinement and a $1000 fine for the burglary of a habitation charge and two years’ confinement and a $1000 fine for the evading arrest charge.

III. Discussion

Mangelli now appeals his guilty plea claiming (1) that plea was not voluntary and (2) that the trial court should have halted the proceedings and ordered another competency examination upon notification that Mangelli had been under the care of a psychiatrist who had prescribed medication that he was not receiving while incarcerated.

We review a trial court’s decision not to conduct a competency hearing for an abuse of discretion.  
See Moore v. State
, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999), 
cert. denied
, 530 U.S. 1216 (2000).  A trial court abuses its discretion if its decision is arbitrary or unreasonable.  
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995).

Article 46B.004 of the Texas Code of Criminal Procedure is titled “Raising Issue of Incompetency to Stand Trial” and provides,

(a) Either party may suggest by motion, or the trial court may suggest on its own motion, that the defendant may be incompetent to stand trial.  A motion suggesting that the defendant may be incompetent to stand trial may be supported by affidavits setting out the facts on which the suggestion is made.  

(b) If evidence suggesting the defendant may be incompetent to stand trial comes to the attention of the court, the court on its own motion shall suggest that the defendant may be incompetent to stand trial.  

(c) On suggestion that the defendant may be incompetent to stand trial, the court shall determine by informal inquiry whether there is some evidence from any source that would support a finding that the defendant may be incompetent to stand trial.  

(d) If the court determines there is evidence to support a finding of incompetency, the court, except as provided by subsection (e) and Article 46B.005(d), shall stay all other proceedings in the case.  

Tex. Code Crim. Proc.
 
Ann. 
art
. 
46B.004(a)–(d) 
(
Vernon Supp
. 
2006).  If, under subsection (b), evidence comes to the trial court’s attention suggesting that the defendant may be incompetent to stand trial, then, under subsection (c), the trial court is required to determine by informal inquiry whether there is some evidence that would support a finding that the defendant may be incompetent to stand trial.  
Id.

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or lacks a rational and factual understanding of the proceedings against him.  
Id.
 art. 46B.003(a)(1)(2).  If, after an informal inquiry, the court determines that evidence exists to support a finding of incompetency, the court shall order an examination to determine whether the defendant is incompetent to stand trial.  
Id.
 art. 46B.005(a). 

When Dr. Martin examined Mangelli and determined him competent, Mangelli had been incarcerated and not been taking his medication.  Thus, in the opinion of a trained professional, Mangelli’s lack of medication had not rendered him incompetent.  Moreover, Mangelli’s trial counsel had no reservation about Mangelli’s competency and ability to consult with him. Furthermore, in response to the trial court’s inquiries, Mangelli stated he was able to understand the written plea admonishments and that he had understood his attorney’s advice.

After reviewing the entire record, we cannot say that the trial court abused its discretion by failing to conduct further inquiry into Mangelli’s competency.  
See  Lawrence v. State, 
169 S.W.3d 319, 322 (Tex. App.—Fort Worth 2005, pet. ref’d).  The trial court’s informal inquiry set forth above established that Mangelli was not incompetent to stand trial due to lack of medication, that he understood the charges he was facing, that he had been able to communicate in a meaningful way with his attorney, that an ex parte evaluation had found him competent to stand trial, and that his own counsel had no question about his competence to stand trial.  The informal competence inquiry conducted by the trial court satisfied Chapter 46B.  Although the trial court certainly could have conducted a more detailed inquiry, the inquiry it did conduct was not so deficient that it constituted an abuse of discretion.  
See Lewis
, 911 S.W.2d at 7.

IV. Conclusion

We overrule Mangelli’s two issues and affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, J; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 19, 2006

 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.